UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMOEUTH SO,

      Petitioner,

      v.

BRIAN ENGLISH,

      Respondent.

CAUSE NO. 3:26cv547 DRL-SJF

## ORDER

Immigration detainee Samoeuth So, representing himself, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. On May 27, 2026, the respondent answered the petition, representing that the embassy of Cambodia had issued a travel document for Mr. So, and his removal was scheduled for the first week of June. On June 2, 2026, the court ordered the respondent to file a supplemental status report because the record suggested that Mr. So had been removed. On June 4, 2026, the respondent filed a status report representing that Mr. So was removed to Cambodia on June 2, 2026, and was no longer in custody.

A district court may entertain a petition for writ of habeas corpus when the petitioner "is in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Mr. So met the "in custody" requirement when he filed the petition; however, it is evident from the record

that he is no longer being detained, meaning there is no unlawful detention for this court to review.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotations omitted). Here, the court can no longer grant Mr. So the relief he seeks in the petition. The court cannot order his release, because he has already been released.

In the criminal context, a habeas petition will not be mooted by the petitioner's release if he continues to suffer collateral consequences from the conviction. *Spencer,* 523 U.S. at 7. Courts have applied this concept in the immigration setting, but the collateral consequence must be something that can "be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Kurtishi v. Cicchi*, 270 F. App'x 197, 199-200 (3d Cir. 2008). The only relief Mr. So sought was his immediate release from custody on the basis that his removal would not occur within the reasonably foreseeable future. No collateral consequences remain that may be addressed in a habeas petition. *See Kurtishi*, 270 F. App'x at 200 (3d Cir. 2008) ("In view of [petitioner's] deportation, there are no remaining collateral consequences that may be redressed by success on [petitioner's] challenge under § 2241 to his 'continued restraint by DHS-ICE'"); *Dehghani v. Castro*, 2025 WL 1937605, 3 (D.N.M. July 15, 2025) (dismissing habeas petition as moot

2

where petitioner was deported, because "Section 2241 . . . empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties").

In sum, this court's habeas jurisdiction is limited to deciding whether an individual is in custody in violation of federal law. Mr. So is no longer in custody. The petition must be dismissed.

Accordingly, the court DISMISSES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

June 12, 2026                                 *s/ Damon R. Leichty*
                                             Judge, United States District Court

3